UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY HARVEY,

                        Plaintiff,

v.                                               9:09-CV-0517
                                               (LEK/GHL)

T. LAVALLEY, et al.,

                        Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

GREGORY HARVEY, 07-A-3479
Plaintiff *pro se*
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

HON. ANDREW M. CUOMO                      MEGAN M. BROWN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Gregory Harvey alleges that six unnamed correctional officers beat him with night sticks while two unnamed sergeants watched. Currently pending before the Court is Defendant Thomas LaValley's motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil

Procedure 12(b)(6). (Dkt. No. 12.) For the reasons that follow, I recommend that Defendant's motion be denied.

**I.     BACKGROUND**

Plaintiff alleges that on June 21, 2007, he was transferred from Herkimer County Jail to Clinton Correctional Facility. He was taken to a basement room where six unnamed correction officers beat him with night sticks while two sergeants watched. Plaintiff was handcuffed and shackled during the assault. The officers told Plaintiff that they were beating him because correction officers at Herkimer County Jail who were members of "their Klan Brotherhood" had complained that Plaintiff gave them a hard time. One of the sergeants told Plaintiff that he would never leave Clinton alive. (Dkt. No. 6 ¶ 6.) One or more of the officers threatened Plaintiff with retaliation if Plaintiff complained about the assault. (Dkt. No. 6 ¶ 4(b).) Plaintiff alleges that he was beaten until he was unconscious and that he received no medical attention in the wake of the assault. (Dkt. No. 6 ¶ 6.)

Plaintiff filed his original complaint in this Court on May 4, 2009, naming "Medical Staff," "Correction Officers 1-6," and "Two Corrections Sergeants" as Defendants. (Dkt. No. 1.) Upon initial review, the Court noted the practical problem with Plaintiff's complaint: because Plaintiff named only Doe defendants, there was no defendant who could be served or through whom discovery could be sought. (Dkt. No. 5 at 4.) Moreover, because Plaintiff had been transferred from Clinton to Sing Sing, he would not be able to identify the Doe defendants through his own investigation. *Id*. The Court noted that district courts are obligated to assist *pro se* incarcerated litigants with their inquiry into the identities of unknown defendants. *Id*. Accordingly, the Court allowed Plaintiff to amend the complaint to name the Superintendent of

2

Clinton Correctional Facility, Thomas LaValley, as a defendant. The Court stated that "[o]nce issue is joined, Plaintiff may seek through discovery the identity of one or more John Doe defendants." *Id*.

Plaintiff filed an amended complaint naming Mr. LaValley as a defendant along with the Does. (Dkt. No. 6.) Defendant LaValley was served. (Dkt. No. 10.) No discovery has taken place. Defendant LaValley now moves to dismiss the complaint, arguing that he was not personally involved and that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act before filing his complaint. (Dkt. No. 12.) Plaintiff has opposed the motion. (Dkt. No. 14.)

## II.   LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief ... requires the ... court to draw on its judicial experience and common sense ... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown -

3

that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

### III.   ANALYSIS

#### A.   Personal Involvement

Defendant LaValley argues that the complaint should be dismissed because it does not allege facts plausibly suggesting that he was personally involved in any constitutional violation. (Dkt. No. 12-2 at 2-5.)

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 [2d Cir. 1991]).[1] In order to prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show some tangible connection between the alleged unlawful conduct and the defendant.[2] If the

---

[1]   *Accord*, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978); *Gill v. Mooney*, 824 F2d 192, 196 (2d Cir. 1987).

[2]   *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct.[3]  In other words, supervisory officials may not be held liable merely because they held a position of authority.[4]  Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.[5]

     The failure to allege facts plausibly suggesting that a defendant was personally involved will generally subject a complaint to dismissal.  However, this case falls within an exception to the general rule.  When a prisoner does not know the identities of any of the individuals who allegedly violated his constitutional rights, it is appropriate to maintain "supervisory personnel as defendants ... until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability." *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998).  "After an opportunity for discovery, undisputed allegations that the

---

     [3]     *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

     [4]     *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

     [5]     *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (adding fifth prong); *Wright*, 21 F.3d at 501 (adding fifth prong); *Williams v. Smith*, 781 F.2d 319, 323-324 (2d Cir. 1986) (setting forth four prongs).

supervisor lacked personal involvement will ultimately suffice to dismiss that official from the case, but such dismissal is premature where the opportunity to identify those involved has not yet been accorded." *Id*. at 921-22 (citations omitted).  *See also Murphy v. Goord*, 445 F. Supp. 2d 261 (W.D.N.Y. 2006) (denying superintendent's motion for judgment on the pleadings on personal involvement grounds and allowing plaintiff to proceed with discovery to identify the Doe defendants).  Therefore, I recommend that the Court deny Defendant LaValley's motion without prejudice to a later motion, filed after Plaintiff has had the opportunity to pursue discovery regarding the identities of the Doe defendants.

      B.      **Exhaustion of Administrative Remedies**

Defendant LaValley argues that the complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit.  (Dkt. No. 12-2 at 5-7.)

The Prison Litigation Reform Act ("PLRA") requires prisoners who bring suit in federal court to first exhaust their available administrative remedies.  42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  A prisoner is not required to plead exhaustion in order to state a claim under 42 U.S.C. § 1983.  Rather, exhaustion is a fact that may be challenged by a defendant through an affirmative defense.  *Jones v. Bock*, 549 U.S. 199 (2007). "[T]his is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Id.* at 216. If a prisoner chooses to plead facts regarding exhaustion, and those facts plausibly suggest that he failed to exhaust his available administrative remedies, then his complaint may be dismissed for failure to state a claim. *Id*. at 215-16.  Simply stated, if a prisoner says nothing or little about exhaustion in his *pro se* civil rights complaint, he is likely protected from a Fed.R.Civ.P. 12(b)(6) motion to dismiss premised on failure to exhaust.  However, if he says too much about

exhaustion in that complaint so that his non-exhaustion is readily apparent, he may "plead himself out of court," as the saying goes.

Here, Plaintiff has chosen to plead some facts regarding exhaustion. He alleges that he "filed an appeal to the Grievance Committee and the Superintendent." (Dkt. No. 6 ¶ 4.) He alleges that the Grievance Committee and the Superintendent "ignored" the grievance because "it was not filed in the [five] days Plaintiff was at Clinton Prison. Plaintiff was housed in a strip cell at Clinton Prison wearing only a paper gown and therefore could not file a grievance from Clinton Prison. Plaintiff was also threatened by assaulting correction officers with retaliation if Plaintiff complained about the assault." *Id.*

Plaintiff's allegations show that he did not exhaust his administrative remedies before filing suit. The DOCS grievance process has three steps: first, the prisoner files the grievance with the Inmate Grievance Resolution Committee ("IGRC"). If the prisoner disagrees with the IGRC's decision, he must appeal it to the Superintendent of the facility. If he disagrees with the Superintendent's decision, he must appeal it to the Central Office Review Committee ("CORC"). *Hemphill v. New York*, 380 F.3d 680, 682 (2d Cir. 2004). If a prisoner fails to properly follow each of the applicable steps prior to commencing litigation, he has failed to exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81 (2006). As Plaintiff's complaint shows, he did not appeal the Superintendent's decision to the CORC. Therefore, he failed to exhaust his administrative remedies.

Plaintiff's failure to exhaust, however, does not end the inquiry. The Second Circuit has held that a three-part inquiry is appropriate where a prisoner has failed to exhaust his available

administrative remedies.[6]  First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner."[7]  Second, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense."[8]  Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the Court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements."[9]  Here, two of these factors appear to apply.

First, a defendant is equitably estopped from raising the exhaustion defense if he or she engaged in conduct that hindered the plaintiff's ability to pursue his or her administrative remedies.  *Ziemba v. Wezner*, 366 F.3d 161, 162-63 (2d Cir. 2004)(district court directed to consider whether defendants were estopped from asserting exhaustion defense where inmate alleged that he was beaten, threatened, denied grievance forms, and transferred to another prison).  Here, the complaint plausibly suggests that Defendants are estopped from asserting the

---

[6] *See Hemphill v. State of New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004).  The Second Circuit has not yet decided whether the *Hemphill* rule has survived the Supreme Court's decision in *Woodford*.  *Chavis v. Goord*, No. 07-4787-pr, 2009 WL 1803454, at *1 (2d Cir. June 25, 2009).

[7] *Hemphill*, 380 F.3d at 686 (citation omitted).

[8] *Id.* [citations omitted].

[9] *Id.* [citations and internal quotations omitted].

exhaustion defense because Plaintiff alleges that the Doe defendants threatened to retaliate against him if he complained about the assault.

Second, the complaint plausibly suggests that Plaintiff's failure to exhaust administrative remedies was justified. Justification "must be determined by looking at the circumstances which might understandably lead ... uncounselled prisoners to fail to grieve in the normally required way." *Giano v. Good*, 380 F.3d 670, 678 (2d Cir. 2004). Here, Plaintiff alleges that he was housed in a strip cell wearing only a paper gown during his time at Clinton Correctional Facility and that he therefore could not file a timely grievance. Such conditions might understandably lead a prisoner to fail to grieve in the normally required way. Therefore, I recommend that the Court deny Defendant LaValley's motion to dismiss for failure to exhaust.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant LaValley's motion to dismiss for failure to state a claim (Dkt. No. 12) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: December 3, 2009
       Syracuse, New York

George H. Lowe
United States Magistrate Judge