UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GREGORY HARVEY,

                              Plaintiff,

         -against-                                  9:09-CV-0517 (LEK/TWD)

CORRECTIONS OFFICERS 1-6, *et al.*,

                              Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

This *pro se* civil rights action comes before the Court following a Corrected Report-Recommendation filed on March 18, 2014, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 95 ("Report-Recommendation"). Judge Dancks recommends that this action be dismissed with prejudice based on Plaintiff Gregory Harvey's ("Plaintiff") failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Report-Rec. at 21. For the following reasons, the Report-Recommendation is accepted and adopted in its entirety.

**II.    BACKGROUND**

Plaintiff alleges that he was assaulted by a large group of correctional officers during his incarceration at Clinton Correctional Facility ("Clinton") in 2007, and asserts various causes of action related to this incident. Report-Rec. at 2-3. The Court presumes the parties' familiarity with the factual allegations underlying Plaintiff's claims. For a complete statement of Plaintiff's claims and the supporting facts, reference is made to the Second Amended Complaint. Dkt. No. 50 ("Second Amended Complaint").

After Defendants moved for summary judgment, the Court dismissed all of Plaintiff's claims except for his excessive force claims against Defendants J. Jabout and K. Reyell. Dkt. No. 69. That decision also recognized that, although Defendants had shown that Plaintiff failed to exhaust his administrative remedies, Plaintiff had raised a triable issue of fact as to whether Defendants were estopped from raising the exhaustion defense. Id. at 3. Judge Dancks subsequently held an evidentiary hearing on the question of estoppel, after which she issued the Report-Recommendation finding that Defendants were not estopped from raising the exhaustion defense and that Plaintiff's claims should therefore be dismissed. Dkt. Nos. 88, 89; Report-Rec. at 2. Plaintiff timely filed objections to the Report-Recommendation. Dkt. No. 96 ("Objections").

### III. STANDARD OF REVIEW

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006). Although the district court must provide a *de novo* determination of an objected-to portion of a report, it need not conduct a *de novo* hearing. United States v. Raddatz, 447 U.S. 667, 675 (1980). A district court may hold a hearing to resolve credibility claims regarding testimony relied on by the magistrate judge, but whether to conduct a hearing and view the witnesses itself lies within the court's discretion. Raddatz, 447 U.S. at 673-81.

If no objections to a report are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F.

App'x 47, 48 (2d Cir. 2011); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

**IV.    DISCUSSION**

Plaintiff raises several objections to the Report-Recommendation. First, Plaintiff appears to argue that Judge Dancks erroneously concluded that Plaintiff could have obtained a writing implement while he was at Clinton and therefore could have written a grievance while there. Objs. at 2. Plaintiff has misread the Report-Recommendation, which states that Plaintiff has not shown that "he had difficulty obtaining materials with which to write a grievance at any time within the 21 days after the assault *other than the five days he was at Clinton*." Report-Rec. at 13 (emphasis added). In other words, the Report-Recommendation does not state that Plaintiff could have received a writing implement while he was at Clinton.

Second, Plaintiff argues that inmates at Clinton do not go through the same orientation as inmates at Downstate Correctional Facility ("Downstate"). Objs. at 4. However, the Report-Recommendation discusses whether Plaintiff received orientation at Downstate and Sing Sing Correctional Facility ("Sing Sing"), not Clinton. Report-Rec. at 16. This objection is therefore irrelevant.

Third, Plaintiff appears to argue that he could not have learned of the grievance procedure while at Downstate. Objs. at 4-5. Plaintiff states, among other things, that during the entire time he was at Downstate, he required use of a walking cane. Id. at 5. Because the walking cane was

3

considered a security threat, Plaintiff was not allowed to visit the gym, which is where the law library was housed. Objs. at 5-6. Plaintiff presumably raises this objection because the Report-Recommendation notes that, according to Defendants' exhaustion hearing witness: "there was a library at Downstate, signs for which are posted right by the gymnasium and can be seen when inmates go to recreation. Inmates are permitted to go to the gymnasium almost every day for 45 minutes, and may access the library during that time." Report-Rec. at 8 (citation omitted). However, the Report-Recommendation does not rely on Plaintiff's access to the gym and/or library in finding that he was aware of the exhaustion procedure. Rather, the Report-Recommendation concludes that Plaintiff was aware of the grievance procedure based on: his claim that he sent a grievance to Clinton from Downstate; his testimony that he was later told by staff at Downstate that he needed to exhaust his administrative remedies; and his assertion that he spoke with a grievance representative while at Downstate. Report-Rec. at 15-16. Accordingly, Plaintiff's objection does not provide grounds for rejecting the Report-Recommendation.

Finally, Plaintiff states that he "was not psychiatrically competent to understand the grievance process until April 16th 2009," and that he can provide documentation of this condition to the Court upon request. Objs. at 7. Plaintiff argues that his mental illnesses—bipolar disorder and paranoid schizophrenia[1]—constitute special circumstances excusing his failure to exhaust available administrative remedies. Id. at 6-8. However, "the special circumstances exception under Hemphill concern[s] an inmate's justifiable confusion regarding the proper DOCS procedure for filing an expedited grievance, not an inmate's mental or emotional condition." See, e.g., Newman v.

---

[1] Although Plaintiff's medical records submitted with Defendants' Motion for summary judgment make reference to bipolar disorder, Plaintiff has not identified, and the Court cannot find, any portion of those records referencing schizophrenia. See Dkt. No. 60-5.

4

Duncan, 04CV395, 2007 WL 2847304, at *4 (N.D.N.Y. Sept. 26, 2007) (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).  Accordingly, an inmate's mental illness is only relevant to a claim of special circumstances to the extent it shows that her failure to properly follow the grievance process resulted from confusion regarding the process.  Here, although Plaintiff's medical records do show a history of mental illness, Plaintiff has not shown that his failure to follow the grievance procedure resulted from this condition.  On the contrary, as stated in the Report-Recommendation, Plaintiff appears to have sufficiently understood the grievance process by July 2007; confusion—whether or not caused by mental illness—was not the reason for his failure to exhaust.  Report-Rec. at 19.  Given the long pendency of this case and the development of an extensive evidentiary record, dismissal for non-exhaustion of remedies is appropriate.  See Hilson v. Maltese, 09-CV-1373, 2011 WL 767696, at *2 & n.1 (N.D.N.Y. Feb. 28, 2011) (stating that although allegation of special circumstances based on mental illness may be sufficient to survive motion to dismiss, dismissal for failure to exhaust may be proper on motion for summary judgment).

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 95) is **ACCEPTED** and **ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Second Amended Complaint (Dkt. No. 50) is **DISMISSED with prejudice** for failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a); and it is further

**ORDERED**, that the Clerk provide Plaintiff with copies of all unpublished decisions cited

in this Decision and Order in accordance with the Second Circuit's decision in <u>Lebron v. Sanders</u>, 557 F.3d 76 (2d Cir. 2009); and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:  June 19, 2014
     Albany, New York

               Lawrence E. Kahn
               U.S. District Judge