UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

GREGORY HARVEY,

                            Plaintiff,

      -against-                                  9:09-CV-0517 (LEK/TWD)

J. JABOUT, *et al.*,

                            Defendants.

## **DECISION AND ORDER**

**I.    INTRODUCTION**

       This matter comes before the Court following an Order and Report-Recommendation filed on June 16, 2017, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Dkt. No. 113 ("Report-Recommendation"). Pro se plaintiff Gregory Harvey filed Objections. Dkt. No. 114 ("Objections").

**II.    LEGAL STANDARD**

       Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), overruled on other grounds by Widomski v. State Univ. of N.Y. (SUNY) at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y.

Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III.     DISCUSSION

Harvey makes only one objection to the findings in the Report-Recommendation: "Plaintiff was told by a Downstate Prison Grievance representative he could not file a grievance against another prison facility." Objs. at 1. Yet this objection does not respond to Judge Dancks's conclusions that "the unnamed grievance representative was not a staff member at Downstate," and that "an inmate member of an [Inmate Grievance Resolution Committee] is not a prison official whose alleged affirmative act may bar defendants from relying on an exhaustion defense." Rep.-Rec. at 18. Thus, since Harvey fails to lodge any specific objections to Judge Dancks's thoughtful and well-reasoned Report-Recommendation, the Court has reviewed it for clear error and found none.

### IV.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 113) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the two questions remanded by the United States Court of Appeals for the Second Circuit (Dkt. No. 102) are answered in the negative, and that (1) the unnamed grievance representative was not a staff member at Downstate; and (2) an inmate member of an IGRC is not a prison official whose alleged affirmative act may bar defendants from relying on an exhaustion defense; and it is further

**ORDERED**, that this action is **DISMISSED in its entirety with prejudice** based on Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 28, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge